# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2759

_____

Charles Whited,                              *
                                             *
        Appellant,                    *
                                             *    Appeal for the United States
    v.                                  *    District Court for the Eastern
                                             *    District of Arkansas.
Keith Waddle, Major, Disciplinary            *        [UNPUBLISHED]
Hearing Officer, Cummins Unit, ADC;          *
R. Gaylon Lay, Warden, Cummins               *
Unit, ADC; James Gibson, Hearing             *
Officer Administrator, Arkansas              *
Department of Correction,                    *
                                             *
        Appellees.                    *

_____

Submitted: April 25, 2007
Filed: May 3, 2007

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Arkansas prisoner Charles Whited appeals the district court's[1] preservice dismissal of his 42 U.S.C. § 1983 complaint, in which he alleged that prison officials

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

violated his due process rights by wrongly confining him to punitive isolation for fifteen days after he failed to report to work on the hoe squad. Upon de novo review, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam), we agree with the district court that Whited failed to state a due process claim related to his disciplinary sanction. See Sandin v. Conner, 515 U.S. 472, 483-86 (1995) (finding 30 days in disciplinary segregation did not work "major disruption" in inmate's environment because it did not exceed similar confinement in either duration or degree of restriction); cf. Wilkinson v. Austin, 545 U.S. 209, 213, 223-24 (2005) (finding atypical and significant hardship at supermax prison where, in addition to conditions similar to most in solitary confinement, placement is indefinite, is reviewed only annually after initial 30-day review, and disqualifies otherwise eligible inmate for parole consideration). Moreover, any due process violations committed during the disciplinary hearing were cured by the subsequent reversal of the disciplinary conviction. See Wycoff v. Nichols, 94 F.3d 1187, 1189 (8th Cir. 1996) (reversal of disciplinary case against prisoner constituted part of due process prisoner received, and it cured alleged due process violation based on initial decision to sanction prisoner).

The judgment is affirmed. See 8th Cir. R. 47B.

_____